# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2017

Lyle W. Cayce
Clerk

No. 16-50485
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDLE JACKSON, III,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-168-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Randle Jackson, III, appeals his sentence imposed upon revocation of his supervised release after his convictions for possession of a firearm and ammunition by a felon. Jackson argues that the district court plainly erred in using an improper sentencing range from the supervised release revocation policy statement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50485

While serving the sentences for his felon in possession convictions, Jackson escaped from custody. That resulted in an additional conviction. Jackson began serving his supervised release terms for both his felon in possession and escape convictions on August 29, 2014, his supervision was revoked in both cases, and in both he was sentenced to concurrent terms of seven months of imprisonment plus an additional two-year term of supervised release. On June 2, 2015, Jackson began his second supervised release terms, and, at a revocation hearing in both cases held on April 20, 2016, Jackson admitted to again violating supervised release. The district court sentenced Jackson to terms of imprisonment of 12 months and one day to be served concurrently in both cases with no additional supervised release. Jackson made no objection to the sentence imposed.

The Government argues that the concurrent sentence doctrine applies and that we should decline to consider Jackson's challenge to his sentence in the felon in possession cases because he is not challenging his concurrent sentence in the escape case. Under the concurrent sentence doctrine, an appellate court may decline to review a substantive challenge to a sentence when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction. *United States v. Collins*, 774 F.3d 256, 261 (5th Cir. 2014). "Under this doctrine, a tool of judicial economy, the existence of one valid sentence makes unnecessary the review of other sentences that run concurrently with it." *United States v. Soape*, 169 F.3d 257, 266 n.4 (5th Cir. 1999). Applying the doctrine in a manner that removes the adverse collateral consequences of the sentence, we have adopted the policy of vacating the unreviewed sentence and suspending imposition of that sentence, while the valid conviction remains untouched. *United States v.*

No. 16-50485

*Stovall*, 825 F.2d 817, 824 (5th Cir.), *amended by later opinion*, 833 F.2d 526 (5th Cir. 1987).

The district court imposed sentences of 12 months and one day to run concurrently upon the revocation of supervised release in this case and in the escape case. Applying the concurrent sentence doctrine, we decline to review the revocation sentence in this case, vacate the revocation sentence, and remand with instructions to the district court to suspend imposition of the sentence. *See Stovall*, 825 F.2d at 824. Declining to review the revocation sentence serves the interests of judicial economy. *Id*. Application of the doctrine is also favored in a case such as this in which the challenge to the concurrent sentence is not related to guilt or innocence. *Id*.

SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.